(67 App. Div. 231.)

PEOPLE ex rel. DOYLE v. KNOX et al.

·(Supreme Court, Appellate Division, Second Department. December 23, 1901.)

1. MANDAMUS—ESTOPPEL.

    Where, on mandamus, relator takes a peremptory writ on appeal, the showing made by defendant in the opposing affidavits will be presumed to be true.

2. MUNICIPAL EMPLOYES—COMPENSATION—CIVIL SERVICE COMMISSION.

    Under Civil Service Laws, c. 370, an employé of the city of New York is not entitled to his salary unless the pay roll shall bear the certificate of the municipal civil service commission. Greater New York Charter (Laws 1897, c. 378) § 1075, provides for the removal of a janitor of a school by the school board. By the civil service rules no officer having the power of appointment or employment shall select or appoint any person for appointment or employment save in accordance with the civil service law. *Held*, that the civil service commission had·no authority to .refuse to certify the employment of the janitor of a school on the ground that he employed assistants not in accordance with the civil service law, since it is the duty·of the commission to certify the employ-· ment of any officer regularly appointed.

Appeal from Special term.

Mandamus by the people, on the relation of John Doyle, ·against Charles H. Knox and others, constituting a municipal civil service commission of the city of New York, to compel such commission to certify on the pay roll of the janitors of public schools of the borough of Brooklyn·that relator, janitor of public school No. 118 in the borough of Brooklyn, had been appointed and employed in pursuance of law, and the rules made in pursuance of law. From an order directing the issuance of a peremptory writ, respondents .appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and SEWELL, JJ.

William J. Carr, for appellants.

Sanders Shanks, for respondent.

SEWELL, J. Under the civil service law (chapter 370, Laws 1899),·the relator is not entitled to recover his salary unless the

pay roll or account for such salary shall bear the certificate of the municipal civil service commission that he has been appointed or employed or promoted in pursuance of law and of the rules made in pursuance of law. The act further provides (section 19) that "any officer, clerk or other person entitled to be certified by said commission, or either of them, to the comptroller, treasurer or other fiscal or disbursing officer of the state or any city or civil division thereof, as having been appointed or employed in pursuance of law and of the rules made in pursuance of law, and refused such certificate, may maintain a proceeding by mandamus to compel such commission or commissions to issue such certificate." The relator, by taking a peremptory writ of mandamus, has admitted the truth of the opposing affidavit (People v. New York Cent. & H. R. R. Co., 156 N. Y. 570, 51 N. E. 312), and the sole question is whether the facts sworn to on behalf of the defendants justified the municipal civil service commission in refusing the certificate. The commission did not refuse to make the certificate upon the ground that the relator's appointment was irregular. It is undisputed that he was appointed according to the provisions of the civil service law and the rules and regulations prescribed thereunder. The only averments of the answering affidavit are that the relator has employed, and does employ, persons to aid him in the performance of his duties as janitor in the public school No. 118 in the borough of Brooklyn, city of New York; that he pays them out of the sum designated as his salary; that the persons so employed were selected by him, and were not taken from the civil service eligible list, and were not appointed by any official of the city of New York, or a board of education thereof, or a school board of the borough of Brooklyn; and that the total salary for all janitorial services rendered in public school No. 118 is $1,880 per annum, which the relator claims should be paid to him. It is also alleged that the persons so employed by the relator rendered services for him in the nature of keeping the public school clean by sweeping, scrubbing, and the like labor, and that there is in the classified civil service of New York a similar position known as "'cleaner,' the holder of which performs like services, and is appointed from registered lists, as provided by statute." There is no provision of law or civil service rule which makes the performance of the duties of a janitor to the satisfaction or approval of the civil service commission a prerequisite to the payment of his salary. No power is given to such commission to prescribe the duties of a janitor or other appointee, or to consider or determine how, when, or by whom his duties shall be performed. If the civil service commission could refuse the certificate to the person appointed or employed in pursuance of law, and thus prevent payment of his salary or compensation, the result would be that janitors, as well as all other employés and officers, would hold their positions purely at the will of the commission. No such power is vested in the civil service commission. A janitor once appointed in pursuance of law can only be removed by the action of the school board as provided by section 1075 of the Greater New York charter. Laws 1897, c.

378. The rule that no officer or officers having the power of appointment or employment shall select or appoint any person for appointment or employment, except in accordance with the civil service law, does not apply to janitors of public schools. They are not officers having the power of appointment or employment under the provisions of section 7 of that act. If, however, the persons employed by the relator to scrub or sweep could fairly be considered as occupying positions in violation of the civil service law, that fact would not affect the validity of his appointment, or deprive him of his office. Payment of the compensation agreed upon for such services, or the actual value thereof in case no compensation is agreed upon, is the only penalty imposed by the statute. All the civil service commissioners have to ascertain before certifying the pay roll is whether or not the persons named therein have been appointed, or employed, or promoted in pursuance of law. If they have been, the statute enjoins upon them the duty of certifying that fact to the disbursing officer, no matter how the appointee may have performed the duties of his position. They are not called upon to consider or determine that fact.

I think that the civil service commission was not justified in refusing the certificate, and that the order appealed from should be affirmed, with $10 costs and disbursements.

GOODRICH, P. J., and JENKS, J., concur. HIRSCHBERG, J., not voting.

WILLARD BARTLETT, J. (concurring). It appears to have been the intention of the municipal civil service commission in opposing this application to raise the question whether a janitor of a public school in the city of New York may lawfully employ persons not taken from the civil service eligible list of "cleaners" to work for him in keeping the school clean by sweeping, scrubbing, and the performance of like labor. I desire it to be clearly understood that we do not pass upon that question in holding that it is the duty of the commission to certify the pay roll bearing the name of the relator. The duty to certify grows out of the fact, which is undisputed in the record before us, that the relator ·has been appointed' janitor of public school No. 118 in the borough of Brooklyn pursuant to law and of the rules made in pursuance of law. The charge that a janitor thus appointed is acting in disregard of the law, or of rules made pursuant to law, in the employment of subordinate servitors in his school, can only be investigated and determined in a proceeding appropriate for that purpose; and this is not such a proceeding. In this matter, therefore, we should be careful to intimate no opinion one way or the other upon the authority of a public school janitor in that respect.